```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHAKA LEE:                             :
                                       :
        Plaintiff                      :   CIVIL ACTION
                                       :
     vs.                               :
                                       :
SALEM MERHIGE, VEL-MAC FOODS, INC.,:    NO. 20-CV-2070
VELTRI, INC., and PENSKE LEASING       :
& RENTAL CO.,                          :
                                       :
        Defendants                     :
                                       :
     vs.                               :
                                       :
VERONICA PAULHILL-KELLY,               :
                                       :
        Additional Defendant           :
_____
VERONICA PAULHILL-KELLY                :
                                       :
        Vs.                            :
                                       :
SALEM MERHIGE, VEL-MAC FOODS, INC.,:
VELTRI, INC., and PENSKE LEASING       :
& RENTAL CO.                           :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                              **July  31, 2020**

    Before the Court are Plaintiff's Motion to Remand (Doc. No.

3), Defendants' Response in Opposition (Doc. No. 4), and

Plaintiff's sur-reply in further support thereof (Doc. No. 5).

For the following reasons, the Court will GRANT the Plaintiff's

Motion to Remand and direct that this case be returned to the Court of Common Pleas of Philadelphia County.

## I. Factual and Procedural Background

Plaintiffs, Chaka J. Lee (Hereinafter, "Lee") and Veronica Paulhill-Kelly ("Paulhill-Kelly"), were the passenger and operator, respectively, of a motor vehicle involved in an accident in the Commonwealth of Pennsylvania, City and County of Philadelphia on August 2, 2017. (Lee Compl. ¶s 6, 9). Both Plaintiffs are residents of Pennsylvania. (Compl. ¶ 1). Defendant Saleem Merhige ("Merhige"), a citizen of New Jersey, operated the other vehicle involved in the accident and was acting as the agent, servant, workman and/or employee of Defendant, Vel-Mac Foods, Inc. ("Vel-Mac) and/or Veltri, Inc. ("Veltri") at the time of the accident. (Compl. ¶s 2, 7 and Def's Answer thereto). Vel-Mac is a New Jersey corporation with its principal place of business in Fairfield, NJ and Veltri is a Pennsylvania corporation with its place of business in Levittown, PA. (Compl. ¶s 3-4). Penske Leasing & Rental Co. ("Penske") owned the vehicle operated by Merhige involved in the accident. Compl. ¶ 8. Penske is a Pennsylvania limited partnership located in Reading, PA. (Compl. ¶ 5)[1].

---

[1] Although it may be true that "Penske is a Pennsylvania limited partnership located in Reading, PA," for purposes of determining diversity jurisdiction, this averment has little relevance. Indeed, "[p]artnerships and other unincorporated associations, … unlike corporations, are not considered 'citizens' as that term is used in the diversity statute." Swiger v.

On May 3, 2019, both Lee and Paulhill-Kelly filed separate Complaints in the Court of Common Pleas of Philadelphia County. Both Complaints allege negligence in Merhige's operation of the vehicle, negligent entrustment on the part of Vel-Mac and/or Veltri and Defendant Penske's negligent failure to impose practices, procedures and conditions on Vel-Mac and/or Veltri and to verify Merhige's qualifications to properly and safely operate the leased vehicle. (Compl. ¶ 23). Plaintiffs' complaints describe injuries sustained to the head, bones, tissues, muscles, nerves, brain, etc. resulting in both physical and mental pain and suffering as a direct result of the aforementioned accident. (Compl. ¶ 16). The injuries alleged have resulted in a loss of income and earning capacity as well as medical expenses that will continue indefinitely. (Compl. ¶s 17-21). On September 6, 2019, the State Court consolidated both matters. (Consolidation Order, Ex. "E"). On July 5, 2019, Defendants Merhige, Vel-Mac and Penske, filed a Joinder Complaint adding Paulhill-Kelly as an Additional Defendant to the then-consolidated action. (Joinder Complaint, Ex. "D"). On April 29, 2020, Defendants, Merhige and Vel-Mac, filed a Notice

---

Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008)(citing Cardena v. Arkoma Assoc., 494 U.S. 185, 187-192, 110 S. Ct. 1015, 108 L. Ed.2d 157 (1990)). Instead, "courts are to look to the citizenship of all partners (or members of other unincorporated associations) to determine whether the federal district court has diversity jurisdiction." Id, (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84, n.1, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2006)).

of Removal to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity jurisdiction, alleging as the grounds therefor that it had been discovered just the preceding day during depositions of several of the parties that Penske's only role was the leasing of the truck involved in the accident and that all counsel had agreed to voluntarily dismiss Penske.  Thus, Defendants assert, the matter was properly removed at that time, as the citizenship of the parties thereby became completely diverse.  (Notice of Removal, Doc. No. 1; Stipulation to Dismiss, Ex. "F").  In turn, Plaintiffs filed the instant Motion to Remand on May 5, 2020, in which they contest the existence of complete diversity.  The Stipulation to Dismiss, while not signed by each party, is accompanied by emails from each party agreeing to dismiss Penske from the claim.  (Ex. "H").  No documentation available to the court reveals that the stipulation was ever submitted to the Court or that an order was signed granting the dismissal.

## **Standards Governing Motions to Remand**

The threshold principles governing remands from federal to state courts are largely outlined in the United States Code.  Under 28 U.S.C. § 1441: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed". Original jurisdiction exists over civil actions where the amount in controversy

exceeds $75,000 and complete diversity of citizenship exists between all plaintiffs and all defendants.  28 U.S.C. § 1332. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010).  If the original pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which has become removable."  28 U.S.C. §1446(b)(3). However, a case may not be removed for diversity more than one year after commencement of the action, unless the district court finds that a plaintiff has acted in bad faith in order to prevent a defendant from removing the action.  28 U.S.C. §1446 (c)(1).

In evaluating remand motions, "it is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed.2d 391 (1994). (1994)(citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 184, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)).  This means that the removal statutes are to be strictly construed

against removal and that all doubts as to federal jurisdiction are to be resolved in favor of remand.  Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  However, in ruling on a motion to remand, courts are permitted to consider documents outside of the complaint to make "certain factual findings" to guide their decisions.  Erie Insurance Exchange v. Greenwich Insurance Co., Civ. A. No. 16-00015, 2016 U.S. Dist. LEXIS 481802016, at *2, WL 1404162 at *2 (E.D. Pa. April 11, 2016).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. §1447(c).

In addition to the jurisdictional pre-requisite of complete diversity, a federal district court's removal jurisdiction is further cabined by the so-called "forum defendant rule," outlined in 28 U.S.C. §1441(b)(2) which provides that "a civil action … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought".

## Discussion

Plaintiffs move to remand this case to Pennsylvania state court pursuant to 28 U.S.C §1441(b), 28 U.S.C. §1447(c) and 28 U.S.C. §1446.  First, Plaintiffs assert that Defendant Penske and Additional Defendant Paulhill-Kelly defeat diversity by sharing Pennsylvania citizenship with Plaintiff Lee and the

forum.  Second, Plaintiffs reason that the removal was effectuated prior to the official dismissal of defendant Penske, and it still remains a defendant in the matter.  Finally, Plaintiffs submit that the defendants are prevented from removing the case in the future because the one-year time limit has run out for removal on the basis of diversity.

In response, Defendants argue that due to the voluntary dismissal of Defendant Penske and the duty of the court to disregard the citizenship of Additional Defendant Paulhill-Kelly, there is complete diversity such that the case may properly be heard in federal court.  In order to address the arguments made by Plaintiffs and Defendants regarding the existence of diversity jurisdiction, we first must determine who is considered a "defendant" in the matter impacting diversity.  Thereafter, we consider the timeliness of removal and procedure moving forward.

    1.    *Who is a "Defendant"?*

For the purpose of removal, the federal law determines who is plaintiff and who is defendant; it is a question of construction of the federal statute on removal, *to wit,* 28 U.S.C. Section 1441, and not state statute.  <u>Chicago, Rock Island & Pacific Railroad Co. v. Stude</u>, 346 U.S. 574, 580, 74 S. Ct. 290, 294, 98 L. Ed. 317 (1954).  "The determination of whether the removing defendants have satisfied their burden of

establishing the complete diversity required by 28 U.S.C. Section 1332 … hinges upon the identities of the defendants as pleaded in Plaintiff's Complaint."  CNX Gas Co., L.L.C. v. Lloyd's of London, 410 F.Supp.3d 746, 751 (W.D. Pa. 2019).  Most rules of citizenship are relatively straightforward insofar as "[a] natural person is deemed to be a citizen of the state where he is domiciled" and "[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business."  Erie Insurance Exchange v. Greenwich Insurance Co., 2016 WL 1404162 at *4.  At all times and at all stages of the litigation, the burden of persuasion for establishing diversity jurisdiction and of showing that the case is properly before the federal court remains on the party asserting it.  Hertz Corp. v. Friend, 559 U.S. 77, 96-97, 130 S. Ct. 1181, 1194, 175 L. Ed.2d 1029 (2010)(citing Kokkonen and McNutt, both supra); Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); Fahy v. Certain Underwriters at Lloyd's of London, Civ. A. No. 19-3758, 2019 U.S. Dist. LEXIS 203894 at *3, 2019 WL 6310217 (Nov. 25, 2019).

As previously mentioned, the strict scrutiny of 28 U.S.C. §1332 requires that in addition to diverse citizenship, no defendant be a citizen of the forum state for the court to have jurisdiction.  28 U.S.C. § 1332.  In the case of Gentry v. Sikorsky Aircraft Corporation, 383 F. Supp. 3d 442, 448 (E.D.

Pa. 2019), the Plaintiff sought remand arguing removal was improper and that the court lacked subject matter jurisdiction because the removing party was a citizen of the forum state. Plaintiff, the wife of an individual killed in a helicopter accident, filed a suit in Pennsylvania state court against multiple companies allegedly responsible for defects in the helicopter that resulted in the accident.  In determining whether removal was defective, the Court employed the "nerve center test" enunciated in Hertz, supra, to ascertain the principal place of business and corporate citizenship of Defendant Sikorsky.  Noting that the "the nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities, which is typically found at a corporation's headquarters," the Court went on to state that "[a] corporation's nerve center is a single place," and is "static" regardless of the conduct at issue in a particular case.  Gentry, 383 F. Supp. 3d at 450-451 (citing Hertz, 559 U.S. at 80-81, 93).  It noted that "[n]ominal parties," on the other hand, "have no actual interest in the outcome of the litigation" and they tend to be formal parties without any stake in the outcome" of a lawsuit "such as a now-extinct corporation that has been entirely dissolved into another, surviving corporation."  Id, at 452.  In so doing, the Gentry Court concluded that three of the named helicopter

companies were the real and substantial parties to the action and that their citizenships existed in Delaware and Connecticut. Id, at 458.  Because the plaintiff widow was a citizen of Tennessee who brought this case in Pennsylvania state court, the Gentry Court found that the real and substantial defendants were completely diverse and, given that they were not citizens of Pennsylvania, the forum defendant rule was not violated.  Id. at 459.

In application of all of the foregoing to the matter at hand, we find that Defendants have not met their burden of establishing diversity jurisdiction and thus remand must be granted.  First, notwithstanding that Defendants attached emails evincing the parties' collective agreement to permit Penske to be dismissed from the case and the apparent circulation of a stipulation to that effect among counsel, this stipulation has yet to be signed or submitted to the Court for approval.  (See, Stipulation to Dismiss, Ex. "F"; Ex. "H").  Thus, we find that Penske remains a viable defendant in this matter.  However, insofar as there is absolutely no evidence on the record as to the citizenship of its member partners, we make no finding as to whether or not Penske is a citizen of Pennsylvania. Accordingly, we simply cannot determine whether its continued presence violates the forum defendant rule and destroys

diversity jurisdiction.[2]  In the absence of such proof or ruling, we cannot find that Penske's dismissal would support a finding that diversity jurisdiction now exists nor would it excuse Defendants' late removal to this Court.[3]

Second, we feel compelled to consider the citizenship of a defendant whom neither Plaintiffs nor Defendants have mentioned – Veltri, Inc.  Plaintiffs' complaints both list Veltri in the captions and aver that Veltri is a corporation under the laws of Pennsylvania with its principal place of business in Pennsylvania, *to wit,* in Levittown, Pennsylvania. (Lee Compl. ¶ 4).  According to those complaints, Vel-Mac and/or Veltri acted as the employer of Defendant Merhige. (Compl. ¶ 7). Plaintiffs bring claims against Vel-Mac and/or Veltri for negligently entrusting the truck involved in the accident to

---

[2]  Federal Rule of Civil Procedure 41(a)(1) governing voluntary dismissal of actions by the plaintiff states that "the plaintiff may dismiss an action without a court order by filing: (1) a notice of dismissal before the opposing party serves either an answer or a motion of summary judgment; or (2) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1).  Here, the stipulation of dismissal was said to be voluntary but was filed instead by the party seeking dismissal from the action, Penske.  According to the above stated rule, a signed stipulation would preclude the need for a judge's order and Penske would be dismissed. However, the form was not signed by all of the parties who have appeared and instead informal email confirmations agreeing to the dismissal and requesting the form for signature were provided in lieu of the stipulation.  Without a judge's order or a completed stipulation form, Penske cannot be considered formally dismissed from the case and is therefore still a viable defendant.

[3]  Under 28 U.S.C. Section 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  Here the parties have neither argued nor demonstrated any bad faith on the part of the plaintiff in an effort to prevent removal.

Merhige without adequately verifying his ability or knowledge to operate said vehicle. (Compl. ¶ 15).  Defendants' answer addressed the claims against Veltri by admitting that Merhige was the agent, servant, workman and/or employee of both Veltri and Vel-Mac and that he was operating the vehicle in the course of his employment.  (Def's Ans., Exhibit "C", p. 1, paragraphs 7 - 8).  The original complaints and the captions of each foregoing pleading list Veltri among the defendants and there is no documentation in the record before this Court which shows Veltri's dismissal or which evince that it was never served with process or properly joined to the action.[4]  Whatever the case may be, we are left to speculate as to Veltri's status in this matter as nothing appears in the record to answer this question. We are therefore left to conclude that Veltri remains a defendant in this matter and, given that its place of incorporation and principal place of business are in Pennsylvania, Veltri's presence too destroys diversity and operates to divest this Court of subject matter jurisdiction.

Next, Plaintiffs aver that the Pennsylvania citizenship of Veronica Paulhill-Kelly must also be considered when determining diversity insofar as she was joined as an additional defendant.

---

[4] It is possible that Defendant Veltri was never served and is not a viable defendant in this matter. However, according to the court's documentation, this is unclear.

Initially, the court must determine whether the joinder of Ms. Paulhill-Kelly as an additional defendant was proper.

Federal Rule of Civil Procedure 14(a) provides that "a defendant may implead a person not a party to the action 'who is or may be liable to him for all or part of the plaintiff's claim against him.'"  Tiesler v. Martin Paint Stores, Inc., 76 F.R.D. 640, 642 (E.D. Pa. 1977).  This rule permits the joinder of an additional or third-party defendant where the original defendant alleges that their liability is derivative of the liability of said additional defendant. Id.  "Rule 14(a) also permits a claim of a defendant against a third-party defendant where the third-party defendant owes or may owe the defendant contribution as a joint tortfeasor as a result of the defendant's liability to the plaintiff." United Nat. Ins. Co. V. Indian Harbor Ins. Co., 306 F.R.D. 153, 155 (E.D. Pa. 2015). "A third-party complaint fails, however, where it pleads that the third party defendant is solely liable to the plaintiff since it does not allege that the third-party defendant 'is or may be liable to it [the defendant] for all or part of the claim against it.'"  Id, (quoting Tesch v. United States, 546 F. Supp. 526 (E.D. Pa. 1982)).

Here, the originally-named defendants joined Paulhill-Kelly as an additional defendant on the basis of her role as operator of the other vehicle in the accident.  In so doing, Defendants alleged that Paulhill-Kelly also should be found liable to Lee

for his injuries.  In essence then, the gravamen of the third-party complaint was that Paulhill-Kelly was a joint tortfeasor with Defendants, and we therefore find that her joinder as an additional defendant was proper.

In Defendants' response to the motion for remand, they contend that the citizenship of Paulhill-Kelly should be ignored because she is not an original defendant.  To support this, defendants cite to the case of Share v. Sears, Roebuck & Co., 550 F. Supp. 1107, 1108-09 (E.D. Pa. 1982), in which Judge Pollak clarified the meaning of the removal doctrine's language.  In Share, the purchaser of a lawn mower brought suit against Sears for personal injuries which he suffered in operating the mower.  Sears filed a third-party complaint against the manufacturer of the lawn mower.  The manufacturer, relying on his status as a third-party defendant, removed the case to federal court on the grounds of diversity jurisdiction.  Plaintiff Share moved to remand to the Court of Common Pleas of Philadelphia and the Court granted the motion, holding that "the reference in the general removal statute, §1441, is only to plaintiff's defendants and does not include such defendants as third-party defendants, cross-claim defendants, and other parties that are not defending a claim asserted against them by the plaintiff."  Id. at 1109.  Accordingly, the court decided that a third-party defendant was not a "defendant" within the

meaning of the removal statute and had no standing to remove the case.  Id. at 1109.

The Share court's classification of "defendant" was specifically construed under the removal statute and considered the question of which parties are able to remove a case to federal court.  In the case at hand, the question is not whether the third-party defendant is able to remove the case but rather, in the context of remand, if the non-diverse citizenship of an additional defendant can destroy diversity jurisdiction in federal court.  While Share is instructive, this court believes that the opinion's classification of "defendants" is properly construed to apply to third-party defendants only in the act of removal and is thus inapposite to the matter at hand.

Instead we find that Spring City Corp. v. Bradeen, Civ. A. Nos. 97-8127, 98-28, 98-105, 1998 U.S. Dist. LEXIS 3941, 1998 WL 151003 (E.D. Pa. March 16, 1998), *rev'd on other grounds*, 193 F.3d 165 (3d Cir. 1999) provides clearer guidance for the question with which we are presented here.  In Spring City, Plaintiff filed three lawsuits regarding the collapse of a roof of a metal building. Id. Two suits were initially filed in Pennsylvania state court and the third was filed in federal court. Id. The first complaint filed in Pennsylvania state court was against Contractors of America and Bradeen. Id.  Defendants, Contractors and Bradeen, later filed writs of summons pursuant

to Pa. R. Civ. P. 1007 joining Basile Construction Corporation, Palmer Construction Co., Inc., and American Buildings Company as additional defendants to the action. Id.  Plaintiff filed an amended complaint adding American Buildings and approximately one month later, American Buildings removed the case to the District Court on the basis of diversity jurisdiction pursuant to Section 1441.  Two days later, American Buildings moved to dismiss which the Court later granted.  Plaintiff, Palmer and Basile are citizens of Pennsylvania, American Buildings is a citizen of Alabama and Bradeen and Contractors have New Jersey citizenship.  Plaintiff moved for remand arguing as the reason therefor that with the joinder of Palmer and Basile, complete diversity did not exist.

In deciding the motion and addressing the question of whether the citizenship of additional defendants is properly considered in assessing whether diversity exists, our colleague Judge Padova took note of the differences between the Pennsylvania and Federal Rules of Civil Procedure.  In so doing and following the rationale earlier employed by the late Judge McGlynn in a similar case, Adams v. Ford Motor Co., Civ. A. No. 87-0524, 1987 U.S. Dist. LEXIS 5945, 1987 WL 13344 (E.D. Pa. June 30, 1987), Judge Padova found that because Defendants Bradeen and Contractors filed the writ of summons joining additional defendants Palmer and Basile to the present action

pursuant to Pa. R. Civ. P. 2252 prior to removal, consideration of their status as additional defendants is governed by the Pennsylvania Rules of Civil Procedure. Id.  And, under the Pennsylvania Rules of Civil Procedure, the joined defendant is considered an additional defendant who is "subject to the plaintiff's claim in every respect and with the same force and effect as if she had been originally named as a defendant, and even without the necessity of any pleading being filed by the plaintiff against her." Id, (quoting Sheriff v. Eisele, 381 Pa. 33, 35 (1955)).  See also, Pa. R. Civ. P. 2255(d).  However, under the Federal Rules of Civil Procedure, a third-party defendant joined by an original defendant would be "subject only to the claim of the defendant who joined her in the action." Id, (quoting Chase v. North American Systems, Inc., 523 F. Supp. 378, 380 (W.D. Pa. 1981).  Stated otherwise, under state rules Palmer and Basile were "defendants" subject to the plaintiff's claim to the same effect as originally named defendants at the time the case was removed. Id. Because Spring City and Defendants Palmer and Basile were all citizens of Pennsylvania, diversity did not exist at the time of removal and remand was required. Id.

    This court finds the reasoning in Spring City and Adams to be persuasive. Here the plaintiff, Lee, brought the original action against defendants Merhige, Vel-Mac, Veltri and Penske.

Defendants then joined additional defendant, Paulhill-Kelly as solely or jointly liable for the injuries sustained by the plaintiff pursuant to Pa. R. Civ. P. 2252.  The joinder occurred well before defendants removed the case to federal court on the basis of diversity jurisdiction. Following the proper joinder of the additional defendant in state court, Paulhill-Kelly became subject to the plaintiff's claim with the same effect as an originally named defendant. It is this court's opinion that Pa. R. Civ. P. 2255(d) governs the status of the additional defendant requiring her citizenship to be considered in determining diversity jurisdiction. Inasmuch as Paulhill-Kelly is a Pennsylvania citizen, there is no diversity jurisdiction in this matter and we must therefore remand for lack of subject matter jurisdiction for this reason as well.

*Timeliness of Removal*

Plaintiffs additionally assert that the time to file a removal claim has now run out preventing future removal of the case to federal court.  Defendants refute this claim by referencing the "other papers" doctrine discussed in Rubino v. Genuardi's Inc., Civ. A. No. 10-6078, 2011 U.S. Dist. LEXIS 9735, *2, 2011 WL 344081 (E.D. Pa. 2011).

The "other papers" doctrine appears to be nothing more than a reference to the language contained in Section 1446(b)(3) which states that "[e]xcept as provided in subsection (c), if

the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Regardless of whether or not this principle does or does not rise to the level of a "doctrine," it prohibits on its face the removal of an action on the basis of diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. Section 1446(c)(1). Given that Plaintiffs filed their complaints in this matter on May 3, 2019 and removal was not effectuated until April 29, 2020, we find that the removal was timely. However, given that diversity/subject matter jurisdiction does not exist here, the matter shall be remanded.[5]

II. Conclusion

For all of the reasons outlined above, Plaintiffs' Motion to Remand is granted.

An Order follows.

---

[5] We would agree with Plaintiffs that Defendants would be precluded from re-removing this matter should diversity jurisdiction later present itself. However, given that remand orders are generally deemed interlocutory in nature, this issue is highly unlikely to arise.